IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
WILLIAM COREY DAWKINS,            )
                                  )
                Plaintiff,        )
                                  )
        v.                        )      1:12CV414
                                  )
MARSHA PORTER and RICHMOND        )
COUNTY BOARD OF EDUCATION,        )
                                  )
                Defendants.       )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's filing of an Amended Complaint (Docket Entry 5), per the Court's invitation upon granting Plaintiff leave to proceed as a pauper (see Docket Entry 4). For the reasons that follow, the Court should dismiss the Amended Complaint and permit Plaintiff to proceed on the original Complaint (Docket Entry 2) only as to the § 1983 claim against Defendant Porter for discrimination based on sexual orientation.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours

& Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2) (emphasis added). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

PROCEDURAL HISTORY

Plaintiff initiated this action by filing his Application to Proceed In Forma Pauperis (Docket Entry 1) and pro se Complaint (Docket Entry 2), alleging discrimination because of sex and sexual orientation (see id. at 1-7). The Complaint named Principal Marsha Porter and Richmond County Schools as Defendants. (Id. at 1.) This Court granted Plaintiff's Application and concluded that the Complaint alleged factual matter sufficient to permit Plaintiff to pursue a § 1983 claim against Defendant Porter for discrimination because of sexual orientation. (Docket Entry 4 at 14-15.) It further ordered that

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

> 1) if Plaintiff agrees to proceed only against Defendant Porter under Section 1983 for violating the Equal Protection Clause by discriminating based on sexual orientation, he shall file a written notice to that effect on or before June 4, 2012; <u>or</u>
>
> 2) if Plaintiff wants to pursue any cause(s) of action other than one against Defendant Porter under Section 1983 for violating the Equal Protection Clause by discriminating based on sexual orientation, he shall file, on or before June 4, 2012, <u>either</u> an Amended Complaint that clearly identifies and contains sufficient factual allegations to support any such additional cause(s) of action <u>or</u> he shall file a memorandum of not more than 10 pages showing cause why the Complaint's allegations suffice to support any such clearly-identified, additional cause(s) of action.

(<u>Id.</u> at 15) Plaintiff timely filed an Amended Complaint (Docket Entry 5), in which he substituted the Richmond County Board of Education ("RCBOE") for Richmond County Schools as a Defendant (<u>id.</u> at 1), consistent with this Court's suggestion (Docket Entry 4 at 15 n.5), and presented additional factual allegations concerning certain employees of Defendant RCBOE (Docket Entry 5 at 1-3).

<u>DISCUSSION</u>

Plaintiff's Amended Complaint states Plaintiff's intent to proceed against both Defendant Porter and Defendant RCBOE under either Title VII or § 1983. (<u>Id.</u> at 1.)[2] It provides additional factual material with respect to Plaintiff's employment history with Richmond County Schools. (<u>See</u> <u>id.</u> at 1-3.) The Amended

---

[2] As noted in response to Plaintiff's Complaint, Title VII provides a cause of action against employers but not against individuals. <u>See</u> <u>Baird ex rel. Baird v. Rose</u>, 192 F.3d 462, 472 (4th Cir. 1999) ("Title VII does not authorize a remedy against individuals for violation of its provisions.").

-4-

Complaint further alleges that, in addition to Defendant Porter, three high-level officials with Richmond County Schools had knowledge of Plaintiff's sexual orientation and should have prevented Defendant Porter from terminating his employment on that basis. (Id. at 2-3.) However, the Amended Complaint has not remedied the defects this Court identified in the original Complaint.

As an initial matter, the Amended Complaint does not allege any new facts to support an inference that Plaintiff's employer discriminated against him because of his sex, as opposed to his sexual orientation. (See id. at 1-3.) As discussed in connection with the Complaint (Docket Entry 4 at 8), Title VII does not prohibit employment discrimination based on sexual orientation. See 28 U.S.C. § 2000e-2(a) (identifying only "race, color, religion, sex, [and] national origin" as protected classes); Wrightson v. Pizza Hut of Am., Inc., 99 F.3d 138, 143 (4th Cir. 1996) (agreeing that "Title VII does not afford a cause of action for discrimination based upon sexual orientation").

Further, to the extent that the original Complaint alleged employment discrimination based on "sex" (a protected class under Title VII, see 28 U.S.C. § 2000e-2(a)), it did so only in a conclusory fashion without factual allegations sufficient to show that Plaintiff suffered an adverse employment action based on his sex (i.e., because he is male). Plaintiff's Amended Complaint

-5-

provides no additional facts to establish that his employer discriminated against him because he is male. (See Docket Entry 5 at 1-3.)

For this same reason, although sex constitutes a protected class under the Equal Protection Clause, see Knussman v. Maryland, 272 F.3d 625, 635 (4th Cir. 2001), Plaintiff's Amended Complaint has also failed to state a viable claim of employment discrimination based on sex under § 1983. See generally McCray v. Pee Dee Reg'l Transp. Auth., 263 Fed. App'x 301, 305 (4th Cir. 2008) (ruling that, when a plaintiff pursues "a claim for discrimination under . . . § 1983 . . . [, the] elements of [the] claim . . . mirror those of Title VII: A plaintiff must provide direct evidence of discriminatory treatment or proceed under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)" (internal parallel citations omitted)); accord Mullen v. Princess Anne Volunteer Fire Co., Inc., 853 F.2d 1130, 1136 (4th Cir. 1988) (ruling that standard "developed in the Title VII disparate treatment context . . . is applicable to cases, such as suits under § 1981 and § 1983, where proof of discriminatory intent is required"). For these reasons, the Court should dismiss Plaintiff's Title VII claim altogether and Plaintiff's § 1983 claim to the extent that it alleges discrimination because of sex.

Furthermore, the Amended Complaint does not allege facts to support an inference that Defendant RCBOE discriminated against

Plaintiff pursuant to a policy or custom, as required to establish municipal liability under § 1983. "To hold a . . . local government entity liable for a constitutional violation under § 1983, the plaintiff must show that the execution of a policy or custom of the [local government entity] caused the violation." Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004) (internal parentheses omitted). Plaintiff's Amended Complaint - like the original Complaint - fails to assert that Defendant RCBOE had a policy or custom that authorized discrimination based on sexual orientation in employment, much less to identify factual matter that would support such a general allegation. (See Docket Entry 5 at 1-3.) Further, "[t]o hold a [local government entity] liable for a single decision (or violation), the decisionmaker must possess 'final authority to establish [governmental] policy with respect to the action ordered.'" Love-Lane, 355 F.3d at 782 (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)).

In the instant case, the Amended Complaint does not assert that Defendant RCBOE allowed school principals to set policy regarding what personal characteristics, such as sexual orientation, could be considered in making employment decisions.[3]

---

[3] "[M]erely 'going along with the discretionary decisions made by one's subordinates is not a delegation to them of the authority to make policy.'" Lytle v. Doyle, 326 F.3d 463, 472 (4th Cir. 2003) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 130 (1988)). To the contrary, "the type of policymaking authority which can invoke § 1983 liability is 'authority to set and
(continued...)

Rather, it suggests that policymaking authority rests with the Superintendent and the Board itself. (See Docket Entry 5 at 2-3.) If the Superintendent and the Board have final authority to set policy with respect to personnel decisions, then Defendant Porter cannot be a policymaking official whose decisions could subject Defendant RCBOE to liability under § 1983. See Riddick v. School Bd. of Portsmouth, 238 F.3d 518, 523-24 (4th Cir. 2000) (ruling that school board which "retained the final 'say-so' on personnel matters . . . [could] not be subjected to municipal liability based on the decisions of the superintendent and principal").

Moreover, Defendant RCBOE "cannot be held liable for [individual] personnel decisions over which it did not retain final review authority; that is, it is not liable for decisions committed to [a principal's] discretion because there is no respondeat superior liability under § 1983." Love-Lane, 355 F.3d at 782 (citing Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978)). "Rather, [Defendant RCBOE] is only liable for acts that it has 'officially sanctioned or ordered.'" Id. (quoting Pembaur, 475 U.S. at 480). "This means that [Plaintiff] must demonstrate that [Defendant RCBOE] was aware of the [alleged] constitutional

---

(...continued)
implement general goals and programs of [the local] government [entity], as opposed to discretionary authority in purely operational aspects of government.'" Id. (quoting Spell v. McDaniel, 824 F.2d 1380, 1386 (4th Cir. 1987)).

-8-

violation and either participated in, or otherwise condoned, it." Id. at 782-83.

Plaintiff's Amended Complaint alleges that three high-level officials with Richmond County Schools had knowledge of his sexual orientation prior to his termination by Defendant Porter. (Docket Entry 5 at 2-3.) It further alleges that, because of this knowledge, these officials could have acted to prevent Defendant Porter from terminating Plaintiff's employment. (Id.) Specifically, Plaintiff's Amended Complaint asserts that "the central office folks are all accountable to each other and hold regular staff meetings . . . . that would make Dr. Maples accountable to Dr. Beck, Dr. Beck accountable to [Richmond County Schools Superintendent] Dr. Norris, and Dr. Norris accountable to [Defendant RCBOE]." (Id. at 2.) However, the mere possibility that these officials might have intervened on Plaintiff's behalf does not establish their participation - let alone Defendant RCBOE's involvement - in Defendant Porter's alleged decision to terminate Plaintiff because of his sexual orientation. Further, such an attempt to establish liability based on imputing knowledge up Richmond County Schools' chain of command would amount to municipal liability impermissibly premised on respondeat superior. In sum, Plaintiff's Amended Complaint does not allege sufficient factual matter to warrant the conclusion that Defendant Porter's isolated act of allegedly firing Plaintiff based on his sexual

-9-

Case 1:12-cv-00414-CCE-LPA   Document 7   Filed 11/06/13   Page 9 of 11

violation and either participated in, or otherwise condoned, it." Id. at 782-83.

Plaintiff's Amended Complaint alleges that three high-level officials with Richmond County Schools had knowledge of his sexual orientation prior to his termination by Defendant Porter. (Docket Entry 5 at 2-3.) It further alleges that, because of this knowledge, these officials could have acted to prevent Defendant Porter from terminating Plaintiff's employment. (Id.) Specifically, Plaintiff's Amended Complaint asserts that "the central office folks are all accountable to each other and hold regular staff meetings . . . . that would make Dr. Maples accountable to Dr. Beck, Dr. Beck accountable to [Richmond County Schools Superintendent] Dr. Norris, and Dr. Norris accountable to [Defendant RCBOE]." (Id. at 2.) However, the mere possibility that these officials might have intervened on Plaintiff's behalf does not establish their participation - let alone Defendant RCBOE's involvement - in Defendant Porter's alleged decision to terminate Plaintiff because of his sexual orientation. Further, such an attempt to establish liability based on imputing knowledge up Richmond County Schools' chain of command would amount to municipal liability impermissibly premised on respondeat superior. In sum, Plaintiff's Amended Complaint does not allege sufficient factual matter to warrant the conclusion that Defendant Porter's isolated act of allegedly firing Plaintiff based on his sexual

orientation amounts to a municipal policy or custom for which a court could hold Defendant RCBOE liable.

As a final matter, to the extent the Amended Complaint seeks to name Dr. Maples, Dr. Beck, and Dr. Norris as additional Defendants and to assert § 1983 claims against them for discrimination based on sexual orientation (see id. at 1-3), these claims also fail as a matter of law. The Amended Complaint alleges that, in addition to Defendant Porter, these three individuals had knowledge of Plaintiff's sexual orientation (id. at 2-3) and "were also guilty of these violations by not preventing [Plaintiff's] non-renewal" (id. at 1 (emphasis in original)). However, Plaintiff has not set forth factual matter sufficient to support an inference that any animus toward homosexuals motivated the alleged failure by Dr. Maples, Dr. Beck, or Dr. Norris to intervene on Plaintiff's behalf (see Docket Entry 2 at 1-7; Docket Entry 5 at 1-3), as required to state a claim for discrimination based on sexual orientation under § 1983, see, e.g., Glover v. Williamsburg Local Sch. Dist. Bd. of Educ., 20 F. Supp. 2d 1160, 1169 (S.D. Ohio 1998).

## CONCLUSION

Plaintiff's Amended Complaint fails to state a claim under Title VII, fails to state a claim for sex discrimination under § 1983, and fails to state a claim against Defendants RCBOE, Maples, Beck, and Norris.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Amended Complaint (Docket Entry 5) be dismissed in its entirety and that Plaintiff's Complaint (Docket Entry 2) be dismissed with the exception of Plaintiff's § 1983 claim against Defendant Porter for discrimination based on sexual orientation.

**IT IS FURTHER ORDERED** that, on or before December 4, 2013, Plaintiff shall prepare and shall deliver to the Clerk a properly completed summons for service upon Defendant Porter. Failure by Plaintiff to comply with this Order may result in the dismissal of this case without prejudice and without further notice.

                                        /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                         **United States Magistrate Judge**

November 6, 2013